UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| Case No. | SACV 19-01231 AG (JCx) | Date | September 4, 2019 |
|---|---|---|---|
| Title | MAHAFFEY LAW GROUP, P.C. V. STEVEN E. PAGANETTI ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING MOTION TO REMAND AND MOTION TO DISMISS**

This matter is appropriate for resolution without oral argument. Fed. R. Civ. P. 78(b). The hearing set for September 9, 2019 is VACATED.

Plaintiff Mahaffey Law Group, P.C. ("MLG") sued Defendants Steven E. Paganetti ("Paganetti") and Wild, Carter & Tipton ("WCT") asserting the following claims: (1) recovery of foreclosure on attorney lien on escrowed settlement proceeds; (2) fraud; (3) fraud by ratification; (4) breach of contract; and (5) conversion. MLG now moves to remand this case back to Orange County Superior Court. (Mot. to Remand, Dkt. No. 24.) At the same time, Paganetti moves to dismiss MLG's claims under Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, Dkt. No. 26.)

The Court GRANTS Plaintiff's motion to remand. The Court REMANDS this case to Orange County Superior Court. All other pending matters, including Defendant's motion to dismiss, are VACATED.

**1. BACKGROUND**

The following facts come from Plaintiff's First Amended Complaint ("FAC") and, at this stage, the Court assumes they're true. (*See generally* FAC, Dkt. No. 19.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-01231 AG (JCx) | Date | September 4, 2019 |
|---|---|---|---|
| Title | MAHAFFEY LAW GROUP, P.C. V. STEVEN E. PAGANETTI ET AL. | | |

Plaintiff MLG is a law firm based in Newport Beach, California. (*Id.* at ¶ 1.) Defendant WCT is a law firm based in Fresno, California. (*Id.* at ¶ 3.) Paganetti is an attorney who first worked for WCT and then for MLG. (*Id.* at ¶ 2.)

MLG's claims stem from two fee disputes. Only the second dispute is relevant here. That dispute concerns a client of Paganetti's at WCT named John Sanford. (*Id.* at ¶ 31.) (It's unclear how to spell "Sanford" since it's spelled differently throughout both parties' briefs.) Once Paganetti started at MLG, he wanted to continue representing Sanford at MLG. (*See id.* at ¶¶ 32-34.) MLG okayed this request based on Paganetti's representation that he'd be representing Sanford under a standard contingency fee agreement. (*Id.*) Paganetti then sent Sanford a letter memorializing the fee agreement, which Sanford signed and returned. (*Id.* at ¶ 43.)

Some time later, Paganetti told MLG that the Sanford matter had settled, yielding a contingency fee award of $73,326. (*Id.* at ¶ 47.) Of this amount, Paganetti took home $65,993.36, while MLG pocketed only $7,332.60. (*Id.*)

Paganetti later resigned from MLG. (*Id.* at ¶ 52e.) And after Paganetti resigned, MLG discovered the Sanford matter hadn't fully settled. (*Id.* at ¶ 52.) MLG also found out that the fee agreement in place with Sanford wasn't the standard contingency agreement Paganetti described. Rather, the fee agreement also included an open-ended defense obligation that eventually cost MLG to incur more than $118,000 in defense costs. (*Id.* at ¶¶ 51, 63.)

MLG now claims that the $65,993.36 in funds Paganetti received for "settling" the Sanford matter was supposed to be used to prepay these defense costs. (Other possible factors such as punitive damages raises the amount involved in this case to over $75,000.) Consequently, MLG believes Paganetti defrauded MLG of fees rightfully owed to MLG. And because MLG claims Paganetti had partner-status at WCT when he originally had Sanford sign the fee agreement at issue here, MLG alleges WCT is jointly liable for Paganetti's fraud.

**2. LEGAL STANDARD**

The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend . . . to all Cases . . . between Citizens of different States." And Congress, in 28 U.S.C. Section 1132(a), has authorized district courts to exercise jurisdiction over "all civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-01231 AG (JCx) | Date | September 4, 2019 |
|---|---|---|---|
| Title | MAHAFFEY LAW GROUP, P.C. V. STEVEN E. PAGANETTI ET AL. | | |

actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). "Nothing is to be more jealously guarded by a court than its jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (citation omitted). And "[t]o protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009).

## 3. ANALYSIS

There's a little more history to this case bearing mention here. When MLG originally filed this action in Orange County Superior Court, Paganetti was the only named Defendant. (*See generally* Compl., Dkt. No. 1.) And because Paganetti resides in Florida, Paganetti removed to this Court, asserting diversity jurisdiction. (Notice of Removal, Dkt. No. 1 at 3.) Then Paganetti moved to dismiss the claims against him. Paganetti's dismissal motion included a declaration stating in part:

> I signed the contingency agreement with John Sanford on or about June 19, 2015. . . . At the time I signed the agreement I was a shareholder and employee of the Law Firm of Wild, Carter and Tipton and authorized to sign the contingency agreement with John Sanford on behalf of Wild, Carter and Tipton.

(Decl. of Steven Paganetti ("Paganetti Decl."), Dkt. No. 11 at ¶ 8.) MLG says this statement, which reveals Paganetti's partnership status at WCT when Sanford signed the fee agreement, meant WCT could be jointly liable for Paganetti's fraud. (Mot. to Remand at 7.) Thus, WCT decided to amend its complaint to add WCT as a Defendant. But because WCT is a California resident for diversity purposes, MLG argues WCT's presence in this case divests the Court of its subject matter jurisdiction. (*Id.* at 3.)

Diversity-destroying amendments like this one are governed by 28 U.S.C. Section 1447(e). Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-01231 AG (JCx) | Date | September 4, 2019 |
|---|---|---|---|
| Title | MAHAFFEY LAW GROUP, P.C. V. STEVEN E. PAGANETTI ET AL. | | |

joinder, or permit joinder and remand the action to the State court." *See* 28 U.S.C. § 1447(e). The "permissive" language of Section 1447(e) "clearly gives" district courts discretion to join a non-diverse defendant. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). When deciding whether to permit joinder under Section 1447(e), courts consider the following factors: (1) "whether there has been unexplained delay in seeking the joinder"; (2) "whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder"; (3) "whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a)"; (4) "whether the claim against the new party seems valid"; and (5) "whether joinder is solely for the purpose of defeating federal jurisdiction." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1081-82 (C.D. Cal. 1999); *see also McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014) (listing similar factors).

MLG contends that all these factors weigh towards permitting WCT's joinder here. (Mot. to Remand at 13-18.) Paganetti, on the other hand, completely ignores these factors and instead argues MLG fraudulently joined WCT as a Defendant in this case. (Opp'n, Dkt. No. 47 at 3.)

As a preliminary point, it's clear WCT was not fraudulently joined. Fraudulent joinder occurs where "the plaintiff could not possibly recover against the party whose joinder is questioned" even after "all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor." *Padilla*, 697 F. Supp. 2d at 1158. Here, MLG makes allegations that WCT ratified Paganetti's alleged fraud. (*See* FAC at ¶¶ 77-101.) These allegations have both factual and legal support. Thus, resolving all factual and legal ambiguities in MLG's favor (as it must), the Court finds MLG could possibly recover against WCT. Consequently, WCT wasn't fraudulently joined. And the fact that MLG's claim against WCT might later fail doesn't alter this conclusion. *See Padilla*, 697 F. Supp. 2d at 1159 ("[A] defendant is not fraudulently joined . . . simply because the facts and law may further develop in a way that convinces the plaintiff to drop that defendant."). So to the extent Paganetti asserts various merits-based arguments to show fraudulent joinder, those arguments fail.

Turning back to the Section 1447(e) factors, Paganetti's fraudulent joinder arguments could be construed under the fourth and fifth factors. Even so, the Court isn't convinced that MLG's claim against WCT is wholly invalid, or that WCT was added solely to defeat federal jurisdiction. Again, MLG alleges a possible claim against WCT. And MLG asserts it joined

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-01231 AG (JCx) | Date | September 4, 2019 |
|---|---|---|---|
| Title | MAHAFFEY LAW GROUP, P.C. V. STEVEN E. PAGANETTI ET AL. | | |

WCT only because of new facts revealed in Paganetti's declaration. This explanation squares with other changes in the amended complaint reflecting MLG's legitimate belief in WCT's potential liability. (*See, e.g.*, FAC at ¶¶ 44, 77-100.) The fact that MLG may generally prefer state court to federal court doesn't automatically make its asserted reason for adding WCT illegitimate. *See Dorfman v. Massachusetts Casualty Insurance Company*, No. CV 15-06370 MMM (ASx), 2015 WL7312413, at *10 (C.D. Cal. Nov. 19, 2015) ("Although Plaintiffs also have a preference for state court, such a preference cannot be construed negatively any more than [Defendant]'s preference for federal court.") The Court thus finds the fourth and fifth factors satisfied. With no other arguments from Paganetti regarding any of the other factors, the Court finds joinder of WCT appropriate under Section 1447(e).

One last thing. Paganetti agues that this case shouldn't be remanded because MLG hadn't filed proof that WCT was served with MLG's FAC. (Opp'n at 2.) MLG has since corrected this error. (*See* Proof of Service, Dkt. No. 60.) And in any case, the Court may determine whether it has subject matter jurisdiction over a case even before all Defendants respond, particularly where, as here, the Court clearly lacks jurisdiction.

The Court thus GRANTS Plaintiff's motion to remand. Because this divests the Court of its subject matter jurisdiction, the Court need not rule on Defendant's pending motion to dismiss and requests for judicial notice.

## 4. DISPOSITION

The Court GRANTS Plaintiff's motion to remand. The Court REMANDS this case to Orange County Superior Court. All other pending matters, including Defendant's motion to dismiss, are VACATED.

At bottom, it's inappropriate to deny a state court judge the opportunity to hear this state court case, particularly given that MLG selected the state court and given this Court's duty to jealously guard its limited jurisdiction. *See Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003).

|  | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |